

FILED

APR - 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER B. ARIZMENDI,

    Plaintiff,

v.

SGT. SEMAN, et al.,

    Defendants.

No. C 13-04716 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a state inmate at San Quentin State Prison ("SQSP"), has filed a civil rights action under 42 U.S.C. § 1983, against SQSP prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

### DISCUSSION

**A.** **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Dismissal with Leave to Amend
P:\PRO-SE\HRL\CR.13\04716Arizmendi_dwlta.wpd

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that this action arises "out of two separate incidents which involves several [SQSP] staff" who inflicted the following damages: (1) brutality and torture in violation of the Eighth Amendment; (2) illegal seizure and destruction of personal property, including religious artifacts; (3) retaliation for exercising his Fifth Amendment rights; (4) violation of due process and corruption in grievance process; and (5) emotional distress and mental torture for placement in solitary confinement. (Compl. at 3-4.)

The first incident occurred on January 11, 2013, when Officer Clain allegedly handcuffed and dragged Plaintiff into a holding care with "extreme and unnecessary force." (Id. at 4.) Defendant Clain also confiscated some personal items and threw away some religious items. Plaintiff claims that Lt. Arnold threatened him with placement in administrative segregation if he filed a claim against Officer Clain. (Id. at 5.)

The second incident occurred the next day on January 12, 2013, when Plaintiff sought medical attention for a broken nose from a fall from his top bunk. Defendants believed that Plaintiff was covering the fact that he got in a fight with another inmate, and placed him in solitary confinement for his safety. Plaintiff refused to become a "snitch" and filed grievances challenging his placement in administrative segregation and related charges against him. (Compl. at 5-7.)

The complaint contains improperly joined claims. Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a).

Plaintiff admits that he filed this action based on "two separate incidents," (Compl. at 3), and as such his claims did not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Rule 20(a) does not permit a plaintiff to assert a grab-bag of unrelated claims against different defendants. Accordingly, the Court finds the claims and defendants are improperly joined.

Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the several claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with leave to file an amended complaint. See Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Specifically, Plaintiff may either assert claims arising out of the January 11, 2013 incident involving Defendants Clain and Arnold, or the January 12, 2013 incident involving Defendants Seman, Erickson and Rodriguez. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not, then this action will be dismissed.

The Court notes that Plaintiff has included over 150 pages of unpaginated exhibits that are neither cited nor explained in the complaint. Such lengthy and prolix pleadings do not comply with Rule 8(a). McHenry v. Renne, 84 F.3d 1172,

1177, 1178-79 (9th Cir. 1996); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'"); cf. Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131 (9th Cir. 2008) (a lengthy pleading is permissible only if it is "coherent, well-organized, and state[s] legally viable claims"). In his amended complaint, Plaintiff must not attach voluminous exhibits and assume that the Court will read through them to discover what factual allegations they may have that support his claims. Rather, Plaintiff must include in the amended complaint any factual allegations that support his properly joined claim, and any attached exhibits must be paginated, cited and explained in the amended complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-04716 HRL (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

In the alternative, Plaintiff may file a notice stating that he wishes to strike the January 12, 2013 incident and the related claims from this action and proceed only the claims against Defendants Clain and Arnold arising from the alleged use of excessive force on January 11, 2013. Plaintiff shall file such notice **within twenty-eight days** from the date this order is filed.

**Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in the dismissal of this**

**action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: __4/8/14__

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA



FILED

APR - 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ALEXANDER B. ARIZMENDI,

    Plaintiff,

v.

SGT. SEMAN, et al.,

    Defendants.

Case Number: CV13-04716 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___4/8/2014___, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alexander B. Arizmendi AE0789
San Quentin State Prison
San Quentin, CA 94974

Dated: __4/8/2014__

P. Cromwell, deputy
Richard W. Wieking, Clerk