IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER B. ARIZMENDI,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. SEMEN, et. al.,<br><br>    Defendants. | No. C 13-04716 HRL (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state inmate at San Quentin State Prison ("SQSP"), has filed a civil rights action under 42 U.S.C. § 1983, against SQSP prison officials for unconstitutional acts. Plaintiff was granted leave to file an amended complaint in order to comply with Rule 20 of the Federal Rules of Civil Procedure. (Docket No. 6.) Plaintiff filed an amended complaint on May . (Docket No. 8.)

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.  Plaintiff's Claims

Plaintiff claims that Defendants' actions resulted in the following claims: (1) retaliation for exercising his Fifth Amendment right to remain silent; (2) violation of due process rights and corruption in grievance process; (3) emotional distress and mental torture for wrongful placement in solitary confinement; (4) Monell claim for failure to properly train and supervise. (Am. Compl. at 3.) These claims arise from an incident on January 12, 2013, when Plaintiff sought medical attention for a broken nose from a fall from his top bunk. Defendants believed that Plaintiff was covering the fact that he got in a fight with another inmate, and placed him in solitary confinement until he would admit to the fact. Plaintiff denied being involved in a fight and filed grievances challenging his placement in administrative segregation and the related charges against him. Plaintiff claims that he was placed in solitary confinement as a "retaliatory measure meant to punish" him for filing a claim on an unrelated incident. (Am. Compl. at 4.) Liberally construed, Plaintiff's first three claims are cognizable as violations of his Fourth, Fifth and Eighth Amendment rights.

Plaintiff's Monell claim is DISMISSED for failure to state a claim because there is no allegation that a local government or municipality, who are "persons" subject to liability under 42 U.S.C. § 1983, had an official policy or custom that caused a constitutional tort. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaints in all three matters, all attachments thereto, and a copy of this order upon **Defendants Sgt. Seman, Lt. Arnold, Cpt. Erickson, Asst. Warden Rodriguez, Warden R. Chappell, and Appeals Coordinators S. Hay and Gorbea-Baxter** at **San Quentin State Prison,** (San Quentin, CA 94974). The Clerk shall also mail a copy of this Order to Plaintiff.

Defendant C. O. Clain is DISMISSED from this action as there are no claims against him in the amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall

1   file a motion for summary judgment or other dispositive motion with respect to the claims
2   in the complaint found to be cognizable above.

3         a.   Any motion for summary judgment shall be supported by adequate
4   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
5   Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor
6   qualified immunity found, if material facts are in dispute. If any Defendant is of the
7   opinion that this case cannot be resolved by summary judgment, he shall so inform the
8   Court prior to the date the summary judgment motion is due.

9         b.   **In the event Defendants file a motion for summary judgment, the**
10  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**
11  **warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See**
12  **<u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

13      4.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
14  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'
15  motion is filed.

16      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure
17  and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary
18  judgment must come forward with evidence showing triable issues of material fact on
19  every essential element of his claim). Plaintiff is cautioned that failure to file an
20  opposition to Defendants' motion for summary judgment may be deemed to be a consent
21  by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff
22  without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam);
23  <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

24      5.   Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
25  Plaintiff's opposition is filed.

26      6.   The motion shall be deemed submitted as of the date the reply brief is due.
27  No hearing will be held on the motion unless the Court so orders at a later date.

28      7.   All communications by the Plaintiff with the Court must be served on

1 | Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
2 | copy of the document to Defendants or Defendants' counsel.

3 |      8.    Discovery may be taken in accordance with the Federal Rules of Civil
4 | Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
5 | Local Rule 16-1 is required before the parties may conduct discovery.

6 |      9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
7 | court informed of any change of address and must comply with the court's orders in a
8 | timely fashion. Failure to do so may result in the dismissal of this action for failure to
9 | prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10 |     10.    Extensions of time must be filed no later than the deadline sought to be
11 | extended and must be accompanied by a showing of good cause.

12 | **IT IS SO ORDERED.**

14 | DATED: __8/15/14__

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER B. ARIZMENDI,

        Plaintiff,

v.

SGT. SEMAN, et al.,

        Defendants.

Case Number: CV13-04716 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _8/15/2014_, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alexander B. Arizmendi AE0789
San Quentin State Prison
San Quentin, CA 94974

Dated: _8/15/2014_

P. Cromwell deputy
Richard W. Wieking, Clerk