UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER B. ARIZMENDI,

          Plaintiff,

         v.

SERGEANT C. SEMAN, et al.,

         Defendants.

Case No.  13-cv-04716-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

## I.   INTRODUCTION

Plaintiff, a state prisoner, filed this civil rights action alleging violations related to his January 12, 2013 placement and subsequent two-and-a-half-month retention in administrative segregation ("Ad Seg") at San Quentin State Prison ("SQSP").  Dkt. 9 at 4.  Defendants filed a motion for summary judgment.  Dkt. 44.  On July 29, 2015, the Court granted Defendants' motion and entered judgment in favor of Defendants.  Dkts. 64, 65.

On August 13, 2015, Plaintiff filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  Dkt. 67.

For the reasons discussed below, Plaintiff's Rule 59(e) motion is DENIED.

## II.   DISCUSSION

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009).  A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'"  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

A district court does not commit clear error warranting reconsideration when the question before it is a debatable one.  *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

United States District Court
Northern District of California

A motion under Rule 59(e) is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id.*

Here, the Court has reviewed Plaintiff's Rule 59(e) motion and other evidence in support thereof, and it has narrowed Plaintiff's arguments to three main points, which will be addressed in turn.

### A.    Plaintiff's Need for an Extension of Time to Oppose Summary Judgment

First, Plaintiff argues that he was at a disadvantage in this litigation because he was being held in Ad Seg  and was "essentially handicapped" and "unable to litigate his case." Dkt. 47. Specifically, he argues that he had requested for an extension of time to oppose summary judgment because he intended to pursue certain unspecified discovery matters; however, the Court denied his request.

In its Order granting Defendants' motion for summary judgment, the Court acknowledged that Plaintiff had made a previous request for an extension of time to oppose summary judgment but noted that such a request was moot because Plaintiff had actually filed his opposition to summary judgment, stating as follows:

> The Court notes that Plaintiff has since filed his opposition to Defendants' motion for summary judgment. Dkt. 54. The Court further notes that Plaintiff has not filed any discovery requests in this matter. Moreover, Plaintiff never alleged that he did not have sufficient opportunity to discover affirmative evidence necessary to oppose the motion; therefore, the Court need not construe his allegations as a request for a continuance under Rule 56(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(d) (Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion.).

Dkt. 64 at 5 fn. 10.  Plaintiff argues that the Court was mistaken in failing to grant him a continuance because he had made it clear that he needed more time to conduct discovery in the following documents: (1) his "Motion to Appoint Counsel" (Dkt. 47); (2) "Request for Status

2

United States District Court
Northern District of California

1   Inquiry and Motion for Extension of Time to Object to Answer, Oppose Summary Judgment and

2   File Interrogatories" (Dkt. 52); (3) his declaration in opposition to Defendants' motion for

3   summary judgment (Dkt. 54).

4          The Court finds that Plaintiff's aforementioned filings do not support the allegation that he

5   needed an extension of time to *conduct discovery needed to oppose summary judgment*.

6          In Plaintiff's "Motion to Appoint Counsel," he requests for appointment of counsel, which

7   the Court denied (*see* Dkt. 54 at 4-6) and an extension of time to "to file objections/opposition to

8   the Answer in addition to interrogatories."  Dkt. 47 at 1.  Plaintiff signed and dated this motion on

9   November 12, 2012—*prior to* receiving Defendants' motion to summary judgment, which was

10  filed also on November 12, 2012.  *Id.* at 2.  Therefore, nowhere in this filing could Plaintiff have

11  complained of a need for more time to conduct discovery to oppose summary judgment.

12         On December 3, 2015, Plaintiff's subsequent filing entitled, "Request for Status Inquiry

13  and Motion for Extension of Time to Object to Answer, Oppose Summary Judgment and File

14  Interrogatories," he acknowledged that Defendants had "since moved for summary judgment," and

15  added that he needed an extension of time to "oppose summary judgment," and "file

16  interrogatories/discovery before summary judgment."  Dkt. 52 at 2.  However, Plaintiff neither

17  explained what particular discovery he sought nor did he elaborate why such discovery was

18  necessary to oppose the motion.  *See* Dkt. 52.

19         Finally, two weeks later, Plaintiff filed a fifteen-page document entitled, "Declaration of

20  Plaintiff in opposition to Defendants' motion for summary judgment, [and] Appointment of

21  Counsel for Extraordinary Reasons," which the Court construed to be his opposition.  Dkt. 54.

22  Again, Plaintiff complained about his Ad-Seg status and his need for appointment of counsel, but

23  he did not specifically request for an extension of time to conduct discovery necessary to oppose

24  Defendants' motion for summary judgment.  *See* Dkt. 54.

25         In sum, Plaintiff's alleged request for an extension of time to conduct discovery was

26  properly denied because he failed to specify what discovery he sought or indicate how such

27  discovery was necessary to oppose summary judgment.  As mentioned above, any extension

28  request was also properly denied as moot because Plaintiff filed an opposition to summary

3

judgment.  Prior to filing his opposition, the record does not contain any discovery disputes filed by Plaintiff, including any motions to compel discovery.  Therefore, Plaintiff fails to show that the Court committed clear error in denying his extension request.  Moreover, while Plaintiff's first argument in his Rule 56(e) motion seems to be objecting to the Court's findings relating to his extension request, he has not presented any newly discovered evidence that was not before the Court when it ruled on Defendants' motions or shown that there has been an intervening change in the controlling law that would change the Court's ruling.  *See McDowell*, 197 F.3d at 1255. Therefore, Plaintiff's first argument does not warrant reconsideration.

### B.    Court's Failure to Consider Plaintiff's Surreply

Before considering Plaintiff's second argument in support of his Rule 59(e) motion, the Court includes the following background information.

Among his claims relating to his Ad Seg placement and retention, Plaintiff had alleged an Eighth Amendment violation that he was denied food, showers, exercise and hygiene products, and that he was constantly exposed to light and sound while being held in Ad Seg.  Plaintiff specifically claimed that he experienced most of the aforementioned deprivations only temporarily—during the first six days when he was at the Inmate Adjustment Center ("I.A.C.") from January 12, 2013 through January 18, 2013.  However, Plaintiff also claimed that he experienced similar deprivations while he was held in "regular" Ad Seg for the remaining two-and-a-half month period until his release on March 28, 2013.  In granting Defendants' motion for summary judgment as to this claim, the Court found that such temporary deprivations for only six days were not sufficiently serious to support an Eighth Amendment violation, stating:

> . . . the Court finds that under established federal law Plaintiff has not presented a triable issue of fact as to whether the conditions in I.A.C. during those six days establish an Eighth Amendment violation because many courts have concluded that such temporary deprivations are not sufficiently serious to support an Eighth Amendment claim.  *See e.g.* [*Chappell v.* ]*Mandeville*, 706 F.3d [1052,] 1058, 1060-61 [(9th Cir. 2013)] (deprivation of bedding for seven days did not violate Eighth Amendment); *Centeno v. Wilson*, 2011 WL 836747 (E.D. Cal. Mar. 4, 2011) (sleeping on cold floor without mattress or blanket for seven days did not violate Eighth Amendment), *aff'd by Centeno v. Wilson*, 479 Fed. Appx. 101 (9th Cir. 2012) (unpublished); *Anderson*, 45 F.3d at 1314 (temporary placement in safety cell that was dirty and smelled bad did not

1    constitute Eighth Amendment violation); *Smith v. Copeland*, 87 F.3d
2    265, 269 (8th Cir. 1996) (no constitutional violation where pretrial
     detainee subjected to overflowed toilet for four days); *May v.*
     *Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997) (temporary twenty-
3    one day denial of outdoor exercise, with no medical effects is not a
     substantial deprivation under the Eighth Amendment).

4    Dkt. 64 at 27 (brackets added).  Turning to Plaintiff's remaining allegations related to deprivations

5    while he was held in "regular" Ad Seg for the remaining two-and-a-half month period until his

6    release on March 28, 2013, the Court found that Plaintiff had "not presented any evidence to raise

7    a triable issue of fast as to whether the alleged deprivations came anywhere near amounting to

8    cruel and unusual punishment, so as to establish an Eighth Amendment violation."  *Cf. Madrid v.*

9    *Gomez*, 889 F. Supp. 1146, 1227-30, 1260-65 (N.D. Cal. 1995) (overall harsh conditions of

10   Pelican Bay State Prison's Security Housing Unit do not violate the Eighth Amendment for the

11   non-mentally ill inmates therein).  The Court also found that Plaintiff had failed to meet the

12   second requirement, the subjective component of an Eighth Amendment violation, by showing

13   that prison officials possessed a sufficiently culpable state of mind in depriving him, meaning that

14   they treated him with "deliberate indifference."  Dkt. 64 at 27 (citing *Farmer v. Brennan*, 511

15   U.S. 825, 834 (1994).  The Court stated as follows:

16           . . . the Court finds that Plaintiff has not presented facts which raise
             any triable issue as to whether Defendants were deliberately
17           indifferent to his safety or well-being.  At a minimum, in order to
             show this component, Plaintiff must identify specific individuals
18           who were deliberately indifferent to his safety and well-being.  No
             such showing has been made.  Additionally, while Plaintiff
19           complains of the conditions in Ad Seg, he does not allege that any of
             the named defendants were responsible for depriving him of food,
20           showers, or hygiene products, or exposing him to obtrusive light and
             sound.  In fact, Plaintiff does not allege that any particular prison
21           official imposed such deprivations.  Thus, Plaintiff fails to raise a
             triable issue of fact that any prison official acted with the requisite
22           knowledge that Plaintiff faced substantial risk or serious harm due to
             the described deprivations.
23

24   *Id.*  Therefore, the Court concluded that Plaintiff had failed to raise a triable issue of fact that the

25   treatment he endured in Ad Seg violated the Eighth Amendment.

26           In his Rule 59(e) motion, Plaintiff claims that he had filed an opposition to Defendants'

27   submission of his "Inmate Segregation Record" from January 2013 to March 2013, but that the

28   Court did not consider his opposition to that exhibit before granting summary judgment on July

United States District Court
Northern District of California

5

29, 2015.[1]  Dkt. 67 at 2.

First, the Court notes that Defendants had submitted Plaintiff's "Inmate Segregation Record" in support of their reply to Plaintiff's opposition.[2]  Dkt. 57 at 8.  Thus, Plaintiff's opposition to the reply—or in this case his opposition to an exhibit filed in support of the reply— is, in essence, his surreply.   Because the Local Rules do not permit the filing of a response to a reply, *see* Civ. L.R. 7-3(d), the Court did not commit error for failing to consider Plaintiff's surreply prior to granting summary judgment.  Because Plaintiff has not shown that the Court committed clear error, his second argument does not warrant reconsideration.  *See McDowell*, 197 F.3d at 1255.

Second, the Court now reviews Plaintiff's surreply and it finds that reconsideration is still not warranted because nowhere in his surreply has he presented any newly discovered evidence that was not before the Court when it ruled on Defendants' motion for summary judgment, shown that the Court committed clear error, or shown that there has been an intervening change in the controlling law that would change the Court's ruling.  *See id.*  Plaintiff takes issue with the fact that the "Inmate Segregation Record" indicated that he "was offered recreational yard [time] but that he refused on 01/17/13, 02/08/13, 02/19/13 and on 03/18/13."[3]  Dkt. 66 at 1.  Plaintiff claims that it was "absolutely preposterous as [he] would have given anything to leave such [a] cramped,

---

[1] Plaintiff also argues that the Court granted summary judgment before Defendants responded to its Order directing them to produce the photographs that were taken of Plaintiff to record his physical injuries.  However, Plaintiff's argument has no merit because the Court did in fact consider Defendants' response.  In its summary judgment order, the Court acknowledged that Defendants had responded by filing a declaration from Correctional Officer Ramirez "stating that the photographs cannot be produced because they 'were lost during a computer upgrade and have not been recovered.'"  Dkt. 64 at 8 fn. 13.  The Court added that it did not need to view these photographs in order to resolve the pending motion for summary judgment.  *Id.*

[2] Because Plaintiff's "Inmate Segregation Record" was inadvertently not attached as "Exhibit A" to the declaration of Defendants' attorney, Trace Maiorino, Defendants filed a "Second Corrected Declaration of Trace O. Maiorino in Support of Reply to Plaintiff's Opposition to Motion for Summary Judgment" with the "Inmate Segregation Record" attached as "Exhibit A."  Dkt. 61-1 at 1-8.

[3] Plaintiff also repeats his previous allegations that Defendants have "retaliated against [him] for exercising [his] rights" by filing the instant lawsuit.  Dkt. 66 at 3.  However, the Court has previously instructed Plaintiff that, to the extent that he wishes to pursue a retaliation claim for filing the instant section 1983 action, he must allege such a claim in a separate action.  *See* Dkt. 64 at 5 fn. 11.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    dark and moldy place in order to stretch out, get some sunshine and fresh air." *Id.* at 2-3.  Plaintiff

2    argues that even if the Inmate Segregation Record were "true and correct," the amount of exercise

3    he was offered at Ad Seg was "not anywhere nearly enough to [meet] the 10 hours a week

4    prescribed by California state law." *Id.* at 3.  Plaintiff also made the same arguments relating to

5    Defendants' denial of outdoor exercise in his amended complaint and opposition.  *See* Dkt. 9 at 3,

6    8; Dkt. 54 at 7-9.  As mentioned above, the Court considered Plaintiff arguments and found that

7    his alleged deprivations during the six days at I.A.C. and two-and-a-half months in "regular" Ad

8    Seg were not sufficiently serious to support an Eighth Amendment violation.  Dkt. 64 at 26-28.  In

9    its analysis, the Court noted that Plaintiff's Inmate Segregation Record contradicted some of

10   Plaintiff's deprivation claims, but the Court did not rely on the Inmate Segregation Record, and,

11   instead, it took the facts "in the light most favorable" to Plaintiff.  *Id.* at 27 fn. 19.  The Court

12   considered Plaintiff's allegations of deprivations at Ad Seg, including his lack of outdoor exercise,

13   and still concluded that there was no substantial deprivation under the Eighth Amendment.  *Id.* at

14   26-27.  Thus, Plaintiff is merely "rehashing" similar arguments he presented previously and that

15   the Court has already considered.  As stated above, Plaintiff's Rule 59(e) motion is not the proper

16   vehicle for relitigating previous arguments.  *See Costello*, 765 F. Supp. at 1009.  Therefore, even

17   after considering his surreply, the Court finds that Plaintiff's second argument does not warrant

18   reconsideration.

19       **C.    Court Granted Summary Judgment Without Addressing Plaintiff's Contentions**

20        Plaintiff argues that in granting Defendants' motion for summary judgment, the Court

21   "ignored most of [his] contentions," stating as follows:

22           The order granting [Defendants'] motion for summary judgement
             [sic] does not address several of Plaintiff's contentions, such as the
23           fact that there was never an investigation as claimed by Defendants,
             the fact that Plaintiff did not have a liberty interest at stake in the Ad
24           Seg hearings and California law as defined by Title 15 sections cited
             in the complaint are protected by the Due Process clause and
25           instead, Defendants circumvented said laws by falsely claiming that
             Defendant was "in agreement" to be segregated.
26
     Dkt. 67 at 2.
27
          First, the Court notes that Plaintiff is objecting to the Court's findings and conclusions on
28

United States District Court
Northern District of California

1  summary judgment, but he has not presented any newly discovered evidence that was not before

2  the Court when it ruled on Defendants' motions, shown that the Court committed clear error, or

3  shown that there has been an intervening change in the controlling law that would change the

4  Court's ruling.  *See McDowell*, 197 F.3d at 1255.  Thus, for that reason alone, Plaintiff's argument

5  does not warrant reconsideration under Rule 59(e).  The Court further notes that in his Rule 59(e)

6  motion, Plaintiff concedes that he is "well aware that discretional matters as listed in reason

7  number 3 are difficult to successfully litigate on appeal."  Dkt. 67 at 2.

8      In any event, the record shows that the Court considered Plaintiff's aforementioned

9  contentions before granting summary judgment in favor of Defendants.

10      In analyzing Plaintiff's due process claim, the Court conducted a thorough analysis of

11  whether Plaintiff's placement and retention in Ad Seg complied with the due process required

12  under *Toussaint v. McCarthy*,[4] which held that Sections 3335 and 3336 of Title 15 of the

13  California Code of Regulations create a liberty interest in freedom from arbitrary segregation.  *See*

14  Dkt. 64 at 21-25.  In its analysis, the Court noted that the committee retained Plaintiff in Ad Seg

15  on February 28, 2013 "pending until investigation," and the Court acknowledged that Plaintiff had

16  argued that no such investigation took place.  *Id.* at 23.  However, the Court found that the

17  committee's reason amounted to "more than a 'meaningless gesture[],'" and thus complied with

18  due process requirements.  *Id.* (citing *Toussaint*, 801 F.2d at 1102 (finding that due process is

19  satisfied if review of decision to segregate inmate amounts to more than "meaningless gestures").

20  Therefore, contrary to Plaintiff's claim, the Court did not ignore his contention that there was

21  never an investigation as claimed by Defendants.

22      Furthermore, the Court noted in its analysis that "[s]ections 3335 and 3336 of Title 15 of

23  the California Code of Regulations create a liberty interest in freedom from arbitrary segregation."

24  Dkt. 64 at 21 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1097-98 (9th Cir. 1986) *overruled in*

25  *part on other grounds by Sandin*, 515 U.S. 472).  However, the Court noted that the United States

26  Supreme Court in *Sandin*, articulated a new requirement for recognizing federal due process

27

28      ⁴ *Toussaint v. McCarthy*, 801 F.2d 1080, 1097-98 (9th Cir. 1986) *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

liberty interests of inmates subject to administrative segregation. Dkt. 64 at 21 (citing *Sandin*, 515 U.S. at 484). Specifically, the decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* The Court then assumed Plaintiff's two-and-a-half months in Ad Seg constituted an "atypical and significant hardship" and entitled him to the following procedures: (1) an informal non-adversary hearing within a reasonable time after being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an opportunity to present his views. *Id.* at 22 (citing *Toussaint*, 801 F.2d at 1100). The Court conducted a more detailed analysis as to each of the three procedures and determined that Plaintiff was afforded all three before concluding that his placement and retention in Ad Seg complied with the due process required under *Toussaint*. *Id.* at 22-25. Therefore, the record shows that the Court considered Plaintiff's contention that "he did have a liberty interest at stake," and that the Court did not rely solely on Defendants' alleged claim that Plaintiff was "in agreement" to be segregated.

In sum, Plaintiff's three arguments in his Rule 59(e) motion do not warrant reconsideration of the Court's July 29, 2015 Order granting Defendants' motion for summary judgment. Accordingly, Plaintiff's Rule 59(e) motion is DENIED. Dkt. 67.

## III.    CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.      Because Plaintiff has not established grounds for relief from judgment, his Rule 59(e) motion is DENIED. Dkt. 67.

2.      This Order terminates Docket No. 67.

IT IS SO ORDERED.

Dated: February 29, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

9